Mills v. Fischer

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21ˢᵗ day of September, two thousand twelve.

PRESENT:
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> DENNY CHIN,
> *Circuit Judges.*

————————————————————————————

RICHARD MILLS and ELMER F. MILLS, JR.,

> *Plaintiffs-Appellants*,

KODEY MILLS,

> *Plaintiff*,

-v.-                                                            11-276

BRIAN FISCHER, JOHN B. LEMPKE, and CORRECTIONS OFFICER FEDORA,

> *Defendants-Appellees*,

CORRECTIONS OFFICER JANE DOE,

> *Defendant*.[*]

————————————————————————————

———————————————

[*] The Clerk of the Court is directed to amend the caption of this case as noted.

FOR APPELLANTS:     Richard Mills, *pro se*, Romulus, N.Y.
                    Elmer F. Mills, Jr., *pro se*, Byron, N.Y.

FOR APPELLEES:      Kate H. Nepveu, Assistant Solicitor General (Barbara D.
                    Underwood, Solicitor General, Andrea Oser, Deputy Solicitor
                    General, *on the brief*), *for* Eric T. Schneiderman, Attorney General
                    of the State of New York, Albany, N.Y.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND**

**DECREED** that the district court judgment is **AFFIRMED.**

Plaintiffs-Appellants Richard Mills ("Richard"), *pro se*, and Elmer F. Mills, Jr.

("Elmer"), *pro se*, appeal from a January 12, 2011 judgment of the United States District Court

for the Western District of New York (Arcara, *J.*) granting Defendants-Appellees' motion to

dismiss plaintiffs' amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The

amended complaint principally alleges that defendants violated plaintiffs' First Amendment

rights of association and their federal due process rights by denying Richard -- an inmate in the

custody of the New York State Department of Corrections and Community Supervision

("DOCCS") -- a single visit with his sixteen-year-old son Kodey Mills ("Kodey"), and by

shortening Richard's visit with Elmer.  Specifically, the amended complaint alleges that (1)

Elmer and Kodey attempted to visit Richard on October 12, 2009 at the Five Points Correctional

Facility, (2) defendants allegedly found Kodey's identification deficient and refused to allow

him to visit Richard, and (3) because defendants did not want Kodey, a minor, to remain on

facility grounds unsupervised, defendants allegedly shortened Elmer's visit with Richard to

about twenty minutes.  We assume the parties' familiarity with the remaining facts and the

procedural history of the case.

We review *de novo* the district court's dismissal of a complaint pursuant to Rule

12(b)(6).  *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).  To survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Having reviewed the case *de novo*, we first conclude that the district court properly dismissed plaintiffs' First Amendment claims. Even assuming that inmates and their families have a right to visitation protected by the First Amendment, *see Overton v. Bazzetta*, 539 U.S. 126, 131-32 (2003), the amended complaint does not state a plausible violation of that right. Plaintiffs appear to contend that prison officials at Five Points Correctional Facility failed to adhere to a statewide regulation when they denied Kodey a visit with his father even though Kodey presented his birth certificate[1] and Elmer vouched for Kodey's identity. *See* N.Y. Comp. Codes R. & Regs. Tit. 7, § 200.1(b)(2)(ii) ("[B]irth or baptismal certificates shall not be considered adequate identification for an adult visitor; however, they may be used as identification for a minor child. In the case of a minor with no other creditable identification documentation, an adult approved to visit may vouch for the identification of a minor . . . .").[2] However, a violation of a state law or regulation in itself does not state a federal claim for relief under 42 U.S.C. § 1983. *See Doe v. Conn. Dep't of Child & Youth Servs.*, 911 F.2d 868, 869 (2d Cir. 1990). Moreover, the essence of plaintiffs' amended complaint is that prison officials

---

[1] We note that plaintiffs claimed that Kodey offered a birth certificate for the first time only in opposition to the motion to dismiss. App. 51.

[2] We note that this regulation was formerly codified at N.Y. Comp. Codes R. & Regs. Tit. 7, § 200.3(a)(1)(iii). Because the substance of the regulation is unchanged, we cite to the current version for the sake of convenience.

allegedly misapplied the applicable state regulation on a single occasion when they refused to permit Kodey to visit Richard, which in turn resulted in a shortening of Richard's visit with Elmer. Assuming that prisoners have a right under the First Amendment to have family visits, that right could not require that visits by family members be permitted on demand, but rather must be subject to reasonable restrictions on the time, place and manner of visits. *See Overton*, 539 U.S. at 132 (holding that, even assuming a "right of association . . . survives incarceration," a regulation which "bear[s] a rational relation to legitimate penological interests" would not violate that right). A rule requiring the production of some form of identification beyond a birth certificate by family members seeking visitation would not be unreasonable. *See id.* at 133 (noting that "regulations promot[ing] internal security" advance "perhaps the most legitimate of penological goals").

On the other hand, the intentional or malicious deprivation of visitation to a prisoner, even on one occasion, could rise to the level of a constitutional violation. *Cf. Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 36-37 (2004) (O'Connor, J., concurring) ("There are no *de minimis* violations of the Constitution–no constitutional harms so slight that the courts are obliged to ignore them."); *Shakur v. Selsky*, 391 F.3d 106, 110-20 (2d Cir. 2004) (holding that prisoner stated First Amendment claim where he alleged that corrections officer maliciously and intentionally prevented him from attending important religious feast, and rejecting argument that missing one religious feast was *de minimis*). Here, however, where plaintiffs alleged only rudeness and not malice, we conclude that the amended complaint, even liberally construed, failed to state a plausible claim under the First Amendment. Particularly in light of the fact that New York's actual rule is plainly reasonable, we cannot say that the denial of access on a single occasion by a prison guard who mistakenly applied a more stringent identification rule that was

4

not in itself unreasonable gives rise to a constitutional claim. Thus, plaintiffs' First Amendment claims were properly dismissed.

Plaintiffs' due process claims were also properly dismissed. A protected liberty interest under the Due Process Clause is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995). Denying an inmate a single visit with his son does not constitute an atypical and significant hardship. *See, e.g.*, *Colon v. Howard*, 215 F.3d 227, 230-32 (2d Cir. 2000).

We have considered plaintiffs' remaining arguments and find them to be without merit. Accordingly, the district court's judgment is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk